REQUESTED BY: Dear Senator:
You have asked for our opinion on the constitutionality of LB 743 of the Eighty-fifty Legislature, Second Session (1978). The same is hereinafter discussed.
LB 743 would establish a scholarship award program to Nebraska students based on need and who are attending postsecondary educational institutions located in Nebraska which satisfy Nebraska laws relating to approval, licensure and accreditation. Subject to certain conditions, section 15 of that legislative bill would authorize the Nebraska Coordinating Commission for postsecondary education to annually give eligible students the lesser of the following amounts: one thousand eight hundred dollars ($1,800.00) or the actual tuition charge at the eligible postsecondary educational institution selected by the student, whichever is less. Thus, state aid would be used by the student to purchase education; it would be given to the student for educational expenses and the student would select the college.
Is LB 743 in violation of the Constitution of the United States? It appears to be similar to the `Tennessee Student Assistance Act' which was recently challenged before a three-judge United States District Court on the grounds that the Act, on its face and in its application, was violative of the Establishment Clause of the Constitution of the United States. That court examined the Act and found that it did not offend the values protected by the Establishment Clause, and its findings and judgment were affirmed on appeal. Americans United for Sep. of Church and Statev. Blanton, 433 F. Supp. 97 (M.D.Tenn. 1977), aff'd, ___ U.S. ___, 98 S.Ct. 39, 54 L.Ed.2d 65 (1978).
Is LB 743 in violation of the Constitution of Nebraska? In answering that question it must be kept in mind that, with but one exception, since the State of Nebraska was admitted into the Union its citizens have been opposed to any state aid under any guise to any educational institution other than the public school. The separation of church and state is dramatically illustrated in the recorded proceedings of the 1919-1920 Constitutional Convention. For example, one of the delegated has this to say:
 "As for as I am personally concerned, I desire to have the Constitution prohibit any state aid under any guise to any educational institution other than the public school. It is not a difficult matter, if the Legislature sees fit to find an excuse in the interests of general welfare, to make donations under the guise of military training or normal training or what not, in a private institution. I have absolutely no hostility to those institutions, but it will invariably bring on the kind of war fare that this state should stay clear from, if you mingle the state and church
even to that extent. * * *
 "* * * The state might desire to adopt the policy, instead of extending its own plan for normal schools, to utilize the denominational schools. * * *
"I am opposed to that principal. * * *
 "Mr. Taylor: This amendment simply does this: It prohibits the aiding by the state of any schools other than those owned and controlled by the state of its subdivisions. It makes that matter plain and the amendment ought to be adopted.' (Emphasis supplied.) Vol. II, Proceedings of the Constitutional Convention, 1919-1920, pp. 2661, 2678, 2680.
The amendment was adopted. It became section 11 of ArticleVII of the Constitution of Nebraska.
Somehow the values protected by section 11 of ArticleVII of the Constitution of Nebraska were overlooked in 1972 when the Legislature passed LB 1171. That legislative bill provided public grants to students in need of tuition aid to attend private colleges. It was declared unconstitutional by the Supreme Court. State ex rel. Rogers v. Swanson,192 Neb. 125, 219 N.W.2d 726 (1974).
In 1976 the Legislature passed LB 666. That legislative bill provided that at the general election in November, 1976, there would be submitted to the electors of the State of Nebraska two (2) amendments to section 11 of Article VII
of the Constitution of Nebraska. It further provided that the proposition for the submission of the proposed amendments would be placed upon the ballots in the following form:
 I "Constitutional amendment to permit contracting with institutions not wholly owned or controlled by the state or any political subdivision for nonsectarian services for handicapped children.
"For
"Against
 II "Constitutional amendment to permit financial aid for nonsectarian purposes to students attending postsecondary educational institutions not wholly owned or controlled by the state or a political subdivision thereof; and to prohibit the expenditure of public funds, added to funds received from the federal government, for sectarian purposes.
"For
"Against"
Proposition I, which is quoted above, was approved by the electorate. However, proposition II, which is also quoted above, was disapproved by the electorate. Thus, it appears to us that the basic objective of LB 743 were rejected by the electorate of the State of Nebraska at the last general election when a majority voted against a constitutional amendment which would have permitted financial aid for nonsectarian purposes to students attending postsecondary educational institutions not wholly owned or controlled by the State of Nebraska or a political subdivision thereof. Hence, in our opinion, LB 743 is unconstitutional.